# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-0731V
### Filed: March 15, 2016
### UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| PANSY DOWNS, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, M.A., for petitioner.
Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 13, 2014, Pansy Downs filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act" or "Program"].  Petitioner alleged that she suffered an injection-related left shoulder injury which was caused in fact by the influenza vaccine she received on October 10, 2011.  Petition at 1, 7.  On October 6, 2015, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed.  ECF No. 31.

On February 10, 2016, petitioner filed an application for attorneys' fees and costs.  ECF No. 36.  Petitioner requests attorneys' fees in the amount of $20,258.80,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $1,370.46, and petitioner's costs in the amount of $4.48 for a total amount of $21,633.74.  Id. at 1.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $4.48 in out-of-pocket expenses.  ECF No. 37.  Respondent has not filed a response to petitioner's application.

The undersigned fully agrees with the McCulloch analysis regarding appropriate hourly rates for the attorneys in the Conway, Homer, and Chin-Caplan law firm and adopts the same reasoning in this case.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.[3]

**Accordingly, the undersigned awards the total of $21,633.74[4] as follows:**

- **A lump sum of $21,629.26, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Conway, Homer & Chin-Caplan, P.C.; and**

- **A lump sum of $4.48, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] In other cases, the undersigned has reduced attorneys' fees where multiple attorneys worked on a file. The undersigned finds the overall amount to be reasonable given the circumstances in this case and thus, will not reduce the amount of fees sought.  However, the practice of having multiple attorneys work on a file is discouraged and may result in a reduction in fees in other cases.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.